Merritt v. Cornell.

---

JOHN A. MERRITT v. WILLIAM H. CORNELL. (b)

Where an action is brought upon a promissory note drawn in the ordinary form but under seal, proof of the maker's signature is also presumptive evidence that the note was sealed, although nothing is stated in the body thereof indicating that it is sealed.

---

(a) The decision of the court in this case has been affirmed in the court of appeals.

(b) It was intended to publish this case with the first in the volume; but, unexpectedly, the opinion was not among the records of the court, nor in the possession of the attorneys in the cause. Being subsequently found, the decision is inserted in this place, although it was made before the period at which these reports commence. and before Judge ULSHOEFFER was succeeded by Judge WOODRUFF, as a member of the court.

Whether, if the action is commenced after the expiration of the time limited for suits upon contracts not under seal, further evidence of the sealing would not be required; *quere?*

Where a sealed instrument contains the words, "witness my hand and seal," or others of similar import, or has an attestation clause, "sealed and delivered;" the seal will be presumed to have been affixed before signing.

Where a sealed instrument expressly purports to be signed, but has no words indicating a seal, as where it contains simply "witness my hand;" the presumption is that it was not sealed before signing, and the sealing must be proved.

THIS was an action in debt, and was brought before the adoption of the code, to recover upon a promissory note, which appeared to have been executed by the maker under seal. The note was drawn as follows:

"$168.          New York, December 12th, 1837.

"On demand I promise to pay John A. Merritt, or order, one hundred and sixty-eight dollars, for value received.

"WM. H. CORNELL.   [L. S.]"

The plaintiff, at the trial, having rested after producing evidence of the signature, the defendant moved for a nonsuit, on the ground that the seal should also have been proved. At the suggestion of the presiding judge, a verdict was taken for the plaintiff, subject to the opinion of the court upon a case to be made, with liberty to the court to order a nonsuit.

The cause was argued before Judge ULSHOEFFER, then first judge, (see note (*b*) in the margin, p. 335,) and before INGRAHAM and DALY, JJ. Judge ULSHOEFFER concurred in the opinion of Judge INGRAHAM, and Judge DALY dissented, without delivering a written opinion. A motion was afterwards made by the defendant's counsel, to set aside the judgment for an alleged irregularity. It was then urged that the note was more than six years past due; that the statute of limitations would have attached, if the note had not been under seal; that, therefore, a motive existed for affixing the seal after the delivery of the note; and that such should be the presumption, in the absence of proof of the sealing at the time of the execution. In deciding the defendant's motion, the court made an order, in

which, among other things, a re-argument was allowed upon that point, upon certain conditions, as it had not been raised by the defendant on the first argument. The suit was then settled.

*N. J. Waterbury* and *Samuel J. Tilden*, for the defendant.

*Smith Clift*, for the plaintiff.

By the Court. Ingraham, J.—This action is upon a promissory note in the usual form, but there is a seal annexed to the defendant's name on the note, and the action is debt. Upon the trial, the plaintiff proved the handwriting of the defendant to the note, and rested. The defendant moved for a nonsuit, on the ground that he should also have proved the sealing.

There are some general rules in regard to the evidence necessary to prove sealed instruments, which were not disputed on the argument of this case.

Where a sealed instrument contains a clause that the signer has affixed his hand and seal, then proof of the handwriting is enough, and the seal is presumed to have been properly affixed. (1 C. P. 417.)

So, if there be an attestation clause, " sealed and delivered," and the witness be dead, proof of the handwriting of the witness is sufficient, and the seal will be presumed to have been there before signing.

These rules are upon the maxim, "*omnia præsumunter rite esse acta,*" and the recital in the paper that the signer intended to affix the seal, after his handwriting is proved, justifies the presumption both as to sealing and delivering. Various cases establishing these rules are cited in Cow. and Hill's Notes, 1 vol. pp. 305, 1278 ; 7 Taunt. 251 ; 1 B. & P. 361.

So, also, it has been held where the signer stated in the body of the instrument, " witness my hand," there the presumption is against the sealing, and further evidence must be adduced to prove it ; and one case goes so far as to declare that evidence to prove the sealing would be inadmissible. (1 Munf.

491.) None of these cases, however, reach the point raised in this suit. Upon general principles I should be inclined to hold proof of the handwriting sufficient, where the paper itself neither purported to have a seal or to be without one. The maxim above referred to, of the presumption that things were rightly done, where nothing appears to the contrary, would justify the presumption of sealing to a bond or note, where there was no attestation clause.

Even admitting that the rule, as stated by the defendant's counsel, was the ancient rule, applicable to sealed instruments, I should feel much inclined to depart from the rule now, since the great alterations that have been made in the law applicable to sealed instruments, both by statute and by the decisions of the courts. At the present day, the distinction between sealed and unsealed instruments has almost ceased to exist, except in respect to the period of limitation of actions upon them; and where no motive appears to throw suspicion upon the act, the sealing should be considered to have taken place at the time of signing. The law does not suppose a crime to have been committed, and yet, the contrary rule would, after proof of signing, directly charge upon the holder a forgery.

I find nothing in the general rules applicable to this case, which requires the proof contended for by the defendant. He has cited several cases which he relies upon as establishing this doctrine. In 1 Munford, 487, the note was sealed, but in the body of it purported to be not sealed, and the court held that it could not be a sealed instrument, and that parol evidence could not be given to show that it was sealed at the time of execution. So in 4 Munford, 442, the note purported to be unsealed, and the same rule was adopted in conformity with the former decision and with the English cases. In 4 McCord, 267, the question arose as to an instrument not sealed with wax, but having a mark intended to represent a seal, and evidence of the mark having been made by the defendant from its peculiar character, was held sufficient to go to the jury for them to say whether such mark was *intended* as a seal.

In 2 Halsted, 274, the action was on a note containing the

words, " witness my hand and seal," and the court held proof of the handwriting sufficient evidence of sealing, by using a scroll under the name.

In 2 Southard, 449, the note was signed and had a scroll to the name, but did not have any thing in the body of it, expressing whether it was intended as a seal or not, but there was the name of a witness attached, simply as a witness present. He was dead at the time of the trial, and a majority of the court were of the opinion that the proof of his handwriting was not sufficient to establish the presumption of its being sealed, because the attestation by the witness purported only a signing. SOUTHARD, J., dissented from this opinion.

The law of New Jersey allows a scroll to have the validity of a seal, when affixed *by way of a seal.* In all these cases, then, there is something more necessary than the mere production of the paper with the scroll and proof of handwriting. There must be evidence of some kind, that the party intended the scroll to be a seal, in order to have the effect of a sealed instrument.

This may be the reason of some of the decisions in those states, where a scroll is used instead of a seal, but none of these cases establish the position contended for by the defendant.

In 1 Alabama Rep. 187, the action was upon a note signed and with a scroll to the name. The court held that as there was no expression in the body of the instrument that it was intended to be sealed, such instrument was not a deed. In this case, also, the court were divided in opinion, and the justice who delivered the opinion sustaining the judgment of the court, says, " Seals (formerly) were formed of a distinct substance, and *proof per se on inspection;* and the question whether the seal was intended as a seal or not, could not then arise. Ink seals or scrolls are now in universal use. These modern substitutes cannot prove themselves by inspection, hence it becomes necessary to resort to the body of the instrument to ascertain the intention of the party making it." From these remarks it is apparent that the decision mainly if not entire-

ly rested upon the necessity of some evidence to show that a scroll was intended for a seal.

From this brief review of the cases cited by the defendant, it is apparent that none of them sustains the position assumed by him on the motion for a nonsuit. In the absence of any authority to sustain such a defence, I should not hesitate in saying, that upon general principles, the proof of the handwriting, with the fact of the seal being affixed and the possession by the plaintiff, is presumptive evidence of signing, sealing, and delivery.

The case in 2 S. & R. 502, decides that if a paper be actually sealed and delivered, it is a specialty, although no mention be made in the body of the writing, and the remark made by the chief justice in that case I think very applicable to this: "The court ought not to be astute to destroy the plaintiff's action."

I have, however, been able to find one case in which the principle is distinctly decided, viz.: that it is not necessary that there should be a declaration in the body of the bond or note of its being sealed, to make it his deed; it is sufficient if the scroll be affixed at the time of its delivery and execution, and that is presumed (in the absence of other proof) from the fact that the obligee is in possession of the instrument with the scroll attached. (3 Gill & Johns. 234.)

I think the views of the court in that case are reasonable and consistent with the general rules of law, and that in this case the plaintiff is entitled to judgment.